IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Crim. No. 04-024-SLR |
| | ) | |
| ANDRE T. HICKSON, | ) | |
| | ) | |
| Defendant, | ) | |

**MEMORANDUM**

At Wilmington this 24th day of September, 2015, having reviewed defendant's pro se motion for revocation of supervised release, as well as the papers submitted thereto, the court denies said motion (D.I. 82) for the reasons that follow.

1. **Background.** On March 9, 2004, a grand jury returned a one-count indictment, charging defendant with possession with intent to distribute over fifty grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). Defendant entered a not guilty plea and proceeded to trial. A jury found him guilty on December 14, 2014. The court sentenced defendant on May 12, 2005, to 120 months imprisonment and five years of supervised release.

2. Defendant served his term of imprisonment and, on November 19, 2012, started his term of supervised release. According to probation officers with the Office of Probation and Pretrial Services (the "Probation Office"), defendant was sincere in his efforts to abide by the conditions of supervised release.[1] He obtained employment with

---

[1] In consideration of this motion, the court contacted the Probation Office to discuss defendant's progress on supervised release. Materials submitted by the

a department store and was residing with his father.

3. Some time later, defendant lost his job and failed to notify his probation officer about this change in employment status, as required by the terms of his supervised release. As a result, defendant was referred to a cognitive skills training program. On March 11, 2013, defendant successfully graduated from the program.

4. In January 2014, local law enforcement advised that defendant was loitering in high crime/high drug trafficking areas. In May 2014, defendant began working as an independent contractor with a cleaning services company and secured two meaningful contracts. Defendant's probation officer reported difficulty in maintaining communication with him.

5. On May 11, 2015, during a routine off-hour field visit to defendant's job site, probation officers discovered that the property was closed and there were no occupants inside the building. Several unsuccessful attempts were made to contact defendant. After contacting defendant's mother, defendant called his probation officer.

6. On May 13, 2015, defendant reported that he had lost his cleaning contracts and his telephone number had changed. Defendant also had not submitted monthly reports. His probation officer attempted to redirect defendant's non-compliance with a verbal warning.

7. On June 18, 2015, defendant requested permission to work as an independent contractor for a transportation company where independent drivers operate personal vehicles to transport customers around Delaware, and possibly surrounding

---

Probation Office are not part of the public record and were reviewed in camera.

areas. Defendant's probation officer denied the request because defendant does not own a personal vehicle and had been noncompliant.

8. Dissatisfied with this decision, defendant met with the chief probation officer on June 22, 2015. Attempts were made to redirect defendant's thinking and behavior. Defendant was reminded of his problems on supervision, including his lack of communication and attitude toward the supervision process. The chief probation officer upheld the denial of permission to work.

9. On July 28, 2015, defendant filed a pro se motion for early termination of supervised release, asserting that early termination is warranted because he has remained crime free, complied with the conditions of supervised release, is employed, and is actively involved in the lives of his children. (D.I. 82) Defendant asserts that his advocacy work with the "Stop the Violence" movement is another reason to terminate supervision.[2] (D.I. 82) Two letters from defendant's friends were also filed, supporting the motion and attesting to his reformed character. (D.I. 85, 87)

10. Plaintiff opposes the motion, contending that mere compliance with the requirements of supervised release is insufficient to warrant early termination. (D.I. 84) Plaintiff further avers that defendant is not gainfully employed, has not submitted monthly supervision reports, has displayed anti-social thinking patterns, and has not

---

[2]Defendant attaches two flyers related to this movement. (D.I. 82, ex. A) One depicts defendant with three children and reads: "Less Slugs, More Hugs. Help our kids grow up." The other flyer has the "Darkside Records" logo and states "Stop the Guns. Violence Down." (*Id.*) According to defendant, as part of the movement, he is in "contact with those in the community in high crime areas." (D.I. 86) Defendant's submissions, however, do not provide any specific information about the movement or his involvement in it. (D.I. 82, 86)

3

adequately communicated with his probation officer.[3]

11. **Standard of review.** Section 3583(e) of Title 18 provides that a sentencing court may terminate a term of supervised release prior to its expiration if the defendant has served at least one year of his supervised release term and the sentencing court determines that "such action is warranted by the conduct of the defendant released and in the interest of justice." 18 U.S.C. § 3583(e)(1); *United States v. Laine*, 404 Fed. Appx. 571, 573 n.1 (3d Cir. 2010). However, "early termination of supervised release under section 3583(e) should occur only when the sentencing judge is satisfied that something exceptional or extraordinary warrants it." *Laine*, 404 Fed. Appx. at 573-74.

12. In considering whether to terminate supervise release, 18 U.S.C. § 3553(a) provides the following factors for the sentencing court to consider:

> (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide him with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and sentencing range established for the defendant's crimes; (4) pertinent policy statements issued by the United States Sentencing Commission; (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (6) the need to provide restitution to the victim of the offense.

18 U.S.C. § 3553(a)(1), (2)(B)-(D) & (4)-(7). The decision to modify or terminate a term of supervised release rests in the discretion of the court. *Burkey v. Marberry*, 556 F.3d

---

[3]In response, defendant requests that the court review in camera or conduct an evidentiary hearing on these allegations. (D.I. 86) As noted above, the court has consulted probation and reviewed material.

4

142, 149 (3d Cir. 2009).

13. **Discussion.** After considering the factors required by 18 U.S.C. § 3553(a), the court concludes that early termination of supervised release is not warranted by defendant's conduct or the interest of justice. Defendant correctly avers that, while on supervision for over two and one half years, the probation officer has not filed a petition for violation of supervised release. Defendant's supervision record, however, is not flawless. Notably, defendant has failed to: (1) maintain consistent and verifiable employment; (2) notify the Probation Office of changes in contact information; (3) communicate with his probation officer; and (4) submit monthly reports. Defendant's averred compliance is unsubstantiated by this record. The court is convinced that continued supervision is necessary and in defendant's best interests in order to re-direct his thinking patterns, assist with obtaining employment, and staying away from a criminal lifestyle.

13. **Conclusion.** For the above reasons, defendant's motion (D.I. 82) is denied. An order will issue.

                                                                                         _____
United States District Judge